In re Klaus Walter BLOESS, Officer and Major Shareholder of Circle Pacific, Inc., dba Restore, Debtor.

C. C. & S. PROPERTIES, a California corporation, Plaintiff,

v.

Klaus Walter BLOESS, Officer and Major Shareholder of Circle Pacific, Inc., dba Restore, Defendant.

Bankruptcy No. 1-80-00372.
Adv. No. 1-80-0065.

United States Bankruptcy Court, N. D. California.

July 22, 1980.

Maureen McQuaid, Rothschild, Phelan & Stuppi, San Francisco, Cal., for defendant.

John J. Ford, III, San Francisco, Cal., for plaintiff.

CONLEY S. BROWN, Bankruptcy Judge.

## MEMORANDUM OF OPINION

On April 28, 1980 a Chapter 13 case was filed, due hearings were held and a Plan was confirmed.

On June 12, 1980 that Plan, among other things, provided that arrearages against the secured creditors debts to the debtors residence should be brought current within 6 months of the date of confirmation of the Plan.

On May 13, 1980 there was filed a complaint to modify the Stay by C. C. & S. Properties against the debtor requesting the allowance of foreclosure to the second deed of trust holder. Due hearings were held, and at the hearing on July 10, 1980, there appeared to be a question in relation to the amounts necessary to bring the deed of trust current, and it was stipulated that the automatic stay could remain in effect until the Court made a decision on the issues of foreclosure. It was contemplated that there might be further hearings in relation to the exact amount required to be paid to bring the security current. The current matter before this Court is the question of whether or not foreclosure can be allowed at this time.

From the facts presented, the Court finds that there is an approximate $60,000 first deed of trust and an approximate $30,000 second deed of trust against a piece of property worth about $150,000.

The Court also finds that the confirmed Plan provides for payment of the first and second deed of trust in accordance with their terms during the pendency of the chapter, and the second deed of trust will be brought current within 6 months of the confirmation of the Plan.

From this set of circumstances, the Court must conclude that there is adequate protection for the secured creditor and that the confirmed Plan must be allowed to run its course at least until 6 months after the date of confirmation.

The Court further concludes that it would not be reasonable to deny the request for relief from the restraining order at this time. This might occasion the creditors to have to file a new complaint.

It would seem reasonable in light of the facts that the creditors be denied relief from restraint at this time but be permitted to have the matter be returned to calendar and noticed after 6 months from the date of confirmation if the arrearages have not been cleared.

Order of this effect shall be entered.